IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| FRED MARTINEZ and<br>MOLLY MARTINEZ<br><br>VS.<br><br>WAL-MART STORES EAST, INC. | §<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>7:12-CV-00171-O<br>JURY ECF |

---

**JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER**

---

Pursuant to the Court's Order dated October 12, 2012, counsel for Plaintiffs and Defendant initially conferred on October 18, 2012 and had numerous follow up communications regarding planning for discovery and scheduling in this case. As a result, and in compliance with the Court's Order, the Parties submit the following Joint Report Regarding Contents of Scheduling Order.

1.  **Brief Statement of the Claims and Defenses:**

    **Claims:**

    This is a premises liability case, where on September 7, 2010, Fred Martinez was a customer at Wal-Mart and slipped and fell on a slippery substance on the floor in front of the restroom door. As a result of the incident, Plaintiffs sustained injures and damages.

    **Plaintiffs' Contentions:**

    Plaintiffs contend an employee of Defendant was in the restroom and actually would have had to walk through the water to enter the restroom, i.e. actual knowledge. Defendant's employee knew about the water on the floor and Plaintiff contends it was on the floor for at least 10 minutes prior to Plaintiff's fall.

    Defendant knew, or should have known, in the exercise of ordinary and reasonable care for the safety and protection of invitees such as Plaintiff, that the condition of the floor posed an unreasonable risk of harm to patrons like Plaintiff, in that invitees, such as Plaintiff would slip and fall on the wet floor. Yet Defendant failed to take any steps to eliminate or reduce that risk.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Fred Martinez was caused to suffer severe, debilitating personal injuries, and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Fred Martinez for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Wichita County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Disfigurement in the past;

J. Disfigurement in the future;

K. Mental anguish in the past; and

L. Mental anguish in the future.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Molly Martinez was caused to suffer injury to the familial relationship, and to incur the following damages:

A. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations; and

B. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations.

**Defenses:**

Plaintiff has recently amended their Complaint and identified the proper entity. Defendant will answer the amended Complaint as noted herein.

Defendant asserts it did not know or should have known about the alleged unreasonably dangerous condition. Likewise, Defendant did not breach its duty of ordinary care to Plaintiffs. Defendant specifically denies all of Plaintiffs' contentions. The condition that Plaintiffs complain of was caused, solely, by the fault and/or negligence of some person whom Defendant had no right or actual control or legal responsibility.

Defendant will contend that Plaintiff has an obligation to act as a reasonably prudent person under the circumstances and may have contributed to the accident by his actions or inactions. Thus, Chapter 33 of the Texas Civil Practice and Remedies Code may be applicable.

Defendant may contend that other pre-existing or ongoing injuries, illness or conditions contributed, intervened or were new and independent or the sole cause of some of the injuries, damages and disabilities that Plaintiffs are alleging.

Defendant will assert applicable limitations: Plaintiffs may have failed to mitigate their damages; proof of certain losses is governed by Tex. Civ. Prac. & Rem. Code § 18.091; limitations for pre-judgment interest set forth in the Texas Finance Code; the right to have evidence regarding the amount billed and/or written off for medical expenses excluded pursuant to Tex. Civ. Prac. & Rem. Code § 41.0105; and Defendant may be entitled to offset/credits and/or payments paid on behalf of Plaintiffs.

2. **A proposed time limit to file motions for leave to join other parties;**

   The Parties do not anticipate the addition of other parties, but to the extent necessary, would propose a deadline of February 1, 2013.

3. **A proposed time limit to amend the pleadings;**

   The Parties propose the following deadlines for amended pleadings:

   Defendant's deadline to file answer to Plaintiff amended Complaint: December 21, 2013

   Plaintiffs' deadline to add claims or contentions: June 3, 2013

   Defendant's deadline for responses to claims and contentions and assert any defenses: June 14, 2013

4. **Proposed time limits to file various types of motions, including dispositive motions (NOTE: the dispositive motion deadline cannot be less than 90 days before trial; the Court prefers 120 days);**

The Parties propose the following deadlines:

Motion to Dismiss or Dispositive Motions: July 12, 2013

5. **A proposed time limit for designation of experts;**

The Parties will designate experts on the following dates and will provide the information identified in FRCP 26(a)(2).

Plaintiffs' Deadline: July 1, 2013

Defendants' Deadline: August 1, 2013

6. **A proposed time limit for objections to experts (i.e., *Daubert* and similar motions);**

The Parties propose that all motions to limit expert testimony or exclude experts are filed by September 6, 2013.

7. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;**

The Parties expect to need approximately 11 months to conduct discovery in this case. They would propose a deadline to complete all discovery, fact and expert, by September 27, 2013.

Plaintiffs intend to conduct discovery as to the liability of Defendants and evidence to support Plaintiffs' damage claims, including written discovery to Defendant, depositions of employees of Defendant's, potential witnesses and medical professionals

Defendant intends to conduct discovery on the facts surrounding the accident, whether the incident could have been avoided by Plaintiff, and the nature and extent of Plaintiffs' alleged injuries and damages, including written discovery, depositions of Plaintiffs, witnesses, medical professionals and experts.

The Parties have agreed to conduct discovery pursuant to the FEDERAL RULES OF CIVIL PROCEDURE. Currently outstanding written discovery will be answered as if served under the FEDERAL RULES OF CIVIL PROCEDURE. State Court disclosures previously served are withdrawn.

The Parties would like to conduct fact discovery and attempt mediation prior to the incurrence of expert expenses. At the end of mediation, the Parties should proceed forward with expert disclosure and discovery. The parties' intentions and hopes are to

defer the costs associated with expert discovery in an attempt to resolve the case amicably through mediation.

8. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

   The Parties have agreed that depositions on written questions will not count against the number of depositions permitted by the FEDERAL RULES OF CIVIL PROCEDURE. The Parties have also agreed that depositions shall be limited to 6 hours per witness. Otherwise, the Parties do not anticipate any other changes that should be made in the limitations on discovery imposed by the Rules.

9. **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;**

   The Parties do not anticipate any issues with ESI at this time.

10. **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order;**

    If either party produces documents and there is a concern regarding protection, the Parties will submit an agreed protective order at that time.

11. **A proposed trial date, estimated number of days required for trial and whether a jury has been demanded (NOTE: Generally, the proposed trial date should be approximately one year after the date the initial complaint was filed);**

    The Parties are requesting a trial date of November 11, 2013. The estimated length of trial is 3 days. A jury has been demanded.

12. **Status of settlement negotiations and a proposed date for further settlement negotiations;**

    The Parties discussed settlement at their initial conference and determined they needed to gather preliminary injury information to have meaningful discussions. The Parties are gathering such information and will resume settlement talks as soon as practicable.

13. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

    The Parties will provide responses to initial disclosures as follows:

    Plaintiffs' Disclosures: December 14, 2012

Defendant's Disclosure: January 15, 2013

14. **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Roach (if all parties consent, please submit the attached consent form);**

The Parties do not consent to a jury trial before United States Magistrate Judge Roach.

15. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;**

The Parties will continue informal settlement negotiations as the case develops. If settlement cannot be reached, the Parties agree to mediate by June 28, 2013 and will agree on a mediator.

16. **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

The Parties will comply with FRCP 26(a)(3) Pretrial Disclosures including the time for pretrial disclosures.

17. **Whether a conference with the Court is desired; and**

The Parties do not need a conference at this time. The Parties may need a pretrial conference after pretrial disclosures to address objections and any other pretrial matter.

18. **Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

The Parties have agreed that currently pending state Court discovery will be considered and responded to as if filed under the FEDERAL RULES OF CIVIL PROCEDURE. The Parties agree that state court disclosures are no longer applicable and will comply with Rule 26 disclosures by the above-referenced deadline.

**Dated: November 9, 2012.**

Respectfully submitted,

_/s/ Monte J. White_
**MONTE J. WHITE**
Texas Bar No. 00785232

1106 Brook Avenue
Wichita Falls, TX 76301
Tel: (940) 723-0099
Fax: (940) 723-0096

**ATTORNEY FOR PLAINTIFFS**


_/s/ Ramona Martinez_
**RAMONA MARTINEZ**
Texas Bar No. 13144010

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, TX 75201
Tel: (214) 220-5202
Fax: (214) 220-5252
email: rmartinez@cobbmartinez.com

**ATTORNEYS FOR DEFENDANT**